IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN HOLLAND,<br><br>        Plaintiff,<br><br>     v.<br><br>UNIFIED STRATEGIES GROUP, INC.<br><br>        Defendant. | NO.<br><br>NOTICE OF REMOVAL<br>(DIVERSITY) |

**TO THE CLERK OF THE COURT AND TO PLAINTIFF LYNN HOLLAND AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1367 and 1441 (b), Defendant Unified Strategies Group, Inc. ("USG" or "Defendant") hereby removes the above-entitled case from the Superior Court of Washington for Clark County, Civil Action No. 17-2-01954-6 to the United States District Court for the Western District of Washington at Tacoma, on the distinct grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441 (b). This Notice of Removal is supported by the Declaration of Brian M. Faley ("Faley Decl.") filed concurrently herewith, and Defendant alleges as follows:

NOTICE OF REMOVAL - 1

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## I. BACKGROUND

On or about August 25, 2017, Plaintiff Lynn Holland caused to be filed a Summons and Complaint for Damages in this action in the Superior Court of Washington, in and for the County of Clark, Case No. 17-2-01954-6. In accordance with 28 U.S.C. 1446(a), a true and correct copy of the Complaint is attached. *See* Faley Decl., **Exhibit 1**.

Defendant was served with the Summons, Complaint, and Notice of Assignment to Judicial Department on August 25, 2017. *See* Faley Decl. ¶ 2, **Exs. 1 – 3.** The foregoing constitutes all of the process, pleadings, and order either served upon Defendant or filed in the state court action. *Id*. Accordingly, the deadline for Defendant to remove the action has not expired. Defendant has not invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of Clark in any manner. *Id.*

No further proceedings have occurred in the state court as of the date of this Notice. *Id.*

## II. DIVERSITY JURISDICTION

### A. *Diversity of Citizenship*

For diversity of citizenship purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the lawsuit filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)) *Kantor v. Wellesly Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). Plaintiff was, at all times relevant, and still is, a resident of the state of Washington. *See* Faley Decl., **Exhibit 1**.

NOTICE OF REMOVAL - 2

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

A corporation has dual citizenship for diversity purposes. *See* 28 U.S.C. § 1332(c). A corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business. *Id.* Here, USG is a Delaware Non-profit corporation with its principal place of business in Arlington Heights, IL. Faley Decl. ℙ 1.

Based upon the foregoing and within the meaning of 28 U.S.C. § 1332, there is complete diversity of citizenship between Plaintiff, who is a citizen of Washington and Defendant which is a citizen of Delaware and Illinois.

### B.   Amount in Controversy

Plaintiff fails to specify a damages sum in her Complaint. Under 28 U.S.C. § 1446(a), Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought. Plaintiff has asserted the following causes of action (1) violation of the Washington State Wage Act arising out of the failure to pay a share of a $690,000 bonus; (2) violation of the Washington Law Against Discrimination (WLAD) for gender discrimination; (3) violation of the WLAD for age discrimination; and (4) violation of Washington's Consumer Protection Act. *See* Faley Decl., **Exhibit 1**.

From the claims asserted, Plaintiff alleges she is entitled to "lost wages, the value of benefits, 'front pay' and benefits through the time of trial and for reasonable period into the future, compensatory damages, punitive damages, and all other actual damages pursuant to RCW 49.60 and other applicable law;" "pre-judgment and post-judgment interest;" "double damages and

NOTICE OF REMOVAL - 3

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

liquidated damages;" "an award of reasonable attorney fees and actual costs;" and " an order the Defendant pay Plaintiff for any and all tax consequences associated with the damages and costs awarded." See Faley Decl., **Exhibit 1**.

Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdictional amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.,* 102 f. 3D 398, 404 (9th Cir. 1996).

Defendant has the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez,* 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC, 2007 WL 1302504, \*2 (E.D. Cal. May 1, 2007) (quoting McCraw v. Lyons, 863 F. Supp. 430, 434* (W.D. Ky. 1994)).

In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The Court considers all recoverable damages, including punitive damages, statutory penalties, and attorneys' fee. *See Hunt v. Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Galt G/S V. JSS Scandinavia,* 142 F. 3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin'l Servs., Inc.,* 75 F. 3d 311, 315 (7th Cir. 1996). These damages include "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons*

NOTICE OF REMOVAL - 4

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

*v. PCR Tech,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp 2d 1004, 1008-11 (N.D. Cal. 2002).  Further, the Court may examine extrinsic evidence of the amount in controversy.  *See Singer, supra,* 116 F. 3d at 377 (court may require parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of the removal") (citation omitted).

Here, it is more likely than not that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a)   Plaintiff seeks broad economic damages under Washington State law, including but not limited to:  unpaid wages, attorneys' fees, front pay, back pay, loss of benefits, liquidated damages, double damages, costs for this action, prejudgment interest, tax consequences, and other damages.  *See* Faley Decl., **Exhibit 1**, Prayer for Relief.

b)   Plaintiff's claim for unpaid wages arising out of a portion of an unpaid bonus in the amount of $690,000, considering the fact that she is seeking double damages, interest, and attorney fees associated with the same, surely puts the amount in controversy over $75,000.00.

c)   At the time of her termination, Plaintiff was earning a yearly salary of $102,321.00.  Faley Decl. ¶ 3.  Since the amount in controversy in a wrongful discharge suit and includes what the plaintiff would have earned *but for* the termination of employment, the damages for back pay are calculated from the date of termination to the date of judgment.  *Lowe v. Sears Holding Corp.,* 545 F.Supp 2d 195 (D. N.H. 2008), citing *White v. FCI USA, Inc.* (5th Cir. 2003)

NOTICE OF REMOVAL - 5

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

319 F.3d 672, 675-676; *Gurrola v. Tyson Fresh Meats, Inc.* (D.Neb.) 2014 WL 25594 at *3. In Washington, "courts will presume for the purposes of awarding relief that an illegally discharged employee would have continued working for the employer until he or she reache[d] normal retirement age, unless the employer provided evidence to the contrary." *Brundridge, supra 164 Wn. 2d at 456 (citing Xieng v. Peoples Nat'l Bank of Wash., 120 Wn. 2d 512, 531, 844 P.2d 389 (1993)).* Plaintiff's employment was terminated, pursuant to her Complaint, over nine months ago. At a salary of $102,321 per year, her lost wages alone already, by her own allegations would exceed the $75,000 threshold ($102,321/12 = $8,526.75 * 9 months = $76,740.75). Here Plaintiff's Complaint has placed many years of front pay "in controversy" because it does not limit or specify the number of years of front pay (or retirement income) that Plaintiff is seeking. *See Korn, supra,* 536 f. Supp. 2d at 1205 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citations omitted; emphasis in original). Plaintiff's claim for lost back pay alone through the date of filing, exclusive of the value of fringe benefits and front pay, exceeds $75,000 threshold.

        d)    Plaintiff also seeks to recover attorneys' fees. Statutory attorney fees, like those set forth in RCW 49.52.070, are included in a computation of the amount in controversy. Washington courts have adopted the lodestar method for calculating reasonable attorney fees that a plaintiff incurs in prosecuting claims under most statutes. *See, e.g., Collins v. Clark County Fire Dist. No. 5, 155* Wn. App. 48, 99, 231 P.3d 1211 (2010). In a recent single-plaintiff employment lawsuit that the Court described as "not an extraordinary case," the Court approved



ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

a lodestar fee of $92,906.50. *Lane v. Grant County,* 2013 WL 5306986, * 7 (E.D. Wash., Sept. 20, 2013). It is more likely than not that Plaintiff's lodestar fee through trial would be comparable.

9. Plaintiff's various damage claims may be aggregated to determine whether they exceed $75,000. *Lemmon v. Cedar Point, Inc.,* 406 F.2d 94, 96 (6th Cir. 1969); *Pakledinaz v. Consolidated Rail Co.,* 737 F. Supp. 47, 48 (E.D. Mich. 1990). When combined, Plaintiff's claims for compensatory damages and attorneys' fees easily exceed the $75,000 jurisdictional threshold.

## III.     ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

This Court is the appropriate venue for removal because it is the Federal District Court for the district and division where the above-described Clark County Superior Court case is pending. *See* 28 U.S.C. §1441(a).

This Notice of Removal is being timely filed within 30 days of August 25, 2017 when the Complaint was served; additionally, this action may be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a) because it is filed within one year of the filing of the original complaint in this action in state court. *See* 28 U.S.C. § 1446(b).

As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of Service, Defendant served Plaintiff with this Notice of Removal and with its Notice to State Court of Removal to Federal Court.

LASHER HOLZAPFEL SPERRY & EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## IV. CONCLUSION

WHEREFORE, Defendant respectfully requests that this case be removed from the Superior Court of the State of Washington for Clark County to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

Dated: September 12, 2017.

>                    LASHER HOLZAPFEL
>                    SPERRY & EBBERSON, PLLC
>
>
>                    By: s/ Sean V. Small
>                        Sean V. Small, WSBA No. 37018
>                        small@lasher.com
>                        601 Union St., Suite 2600
>                        Seattle, WA 98104
>                        Phone: (206)624-1230
>                        Fax: (206) 340-2563
>                        Attorneys for Defendant Unified
>                        Strategies Group, Inc.

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

# DECLARATION OF SERVICE

I, Ellen M. Krachunis, hereby certify under penalty of perjury of the laws of the State of Washington that on September 12, 2017, I caused to be electronically filed a true and correct copy of the Notice of Removal with the Clerk of the Court, and all others requesting electronic notice through ECF.

> Robert S. Milesnick
> Milesnick Law, PLLC
> 1914 Broadway Street
> Vancouver, WA  98663
> (360) 213-0799
> rob@milesnicklaw.com

DATED this 12th day of September, 2017 at Seattle, Washington.

> */s/ Ellen M. Krachunis*
> Ellen M. Krachunis
> Legal Assistant

NOTICE OF REMOVAL - 9

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563