HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNN HOLLAND,<br><br>               Plaintiff,<br>     v.<br><br>UNIFIED STRATEGIES GROUP, INC.,<br><br>               Defendant. | CASE NO. C17-5735RBL<br><br>ORDER DENYING MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant USG's Motion to Dismiss [Dkt. #6]. Plaintiff Holland, a former USG employee, sued for a bonus that she claims she either contracted for or was promised based on various performance parameters she claims she met. She also asserts claims for wrongful termination, sex and age discrimination, retaliation and state law claims under the CPA.

USG asks the Court to dismiss the claims without leave to amend, arguing that Holland has not pled and cannot plead a plausible claim on any theory. It argues that Holland cannot meet her obligation to "prove" that the contract exists, and therefore that there was no contract as a matter of law. But this is a summary judgment argument, not basis for dismissing the case under Rule 12(b)(6).

ORDER DENYING MOTION TO DISMISS - 1

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

1 On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

USG argues that Holland hasn't met her evidentiary burden, and that because its own version of the facts is correct, any amendment would be futile:

> There are no facts that will support Plaintiff's claim for unpaid wages. No contract was formed and Plaintiff is not entitled to a discretionary bonus. Plaintiff has not offered any factual support for her discrimination claims, other than a male was hired after she was terminated. Plaintiff's discrimination claim cannot stand on this sole factual allegation. Finally, Plaintiff cannot establish the elements of a CPA claim and the right to amend will not change this legal conclusion. The Court should dismiss Plaintiff's Complaint with prejudice.

[Dkt. #9 at 11]

But that is not the standard for futility, or for amendment. A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

The Court cannot conclude on USG's say-so that Holland factually or legally cannot plead a plausible contract, promissory estoppel, or employment claim; USG's primary objection to the existing complaint is that it does not include enough facts. That can be remedied by amendment. The Motion to Dismiss with prejudice is DENIED.

1  Holland shall file an amended complaint addressing the claimed factual deficiencies in her claims by January 5, 2018. Any deficiencies in that amended complaint can be addressed in a follow-up motion.

IT IS SO ORDERED.

Dated this 21st day of November, 2017.

_____
Ronald B. Leighton
United States District Judge